UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------X
MARK W. BLOND JR
                Plaintiff,                    AMENDED
                                                                      COMPLAINT

          -Against-                INDEX.#:1:10-CV-00598
                                                                   (TJM/RFT)
THE CITY OF SCHENECTADY MAYOR
BRIAN STRATTON,
SPD CHIEF CHAIRES,                    U.S. DISTRICT COURT
SPD OFFICER DANIEL MCDONALD,          N.D. OF N.Y.
SPD OFFICER JEFFREY ST.ONGE,            FILED
SPD DET. SHERRI BARNES,
SPD DET. AUTHUR ZAMPELLA,              JUL 1 5 2010
INDIVIDUALLY OR IN THEIR OFFICIAL
CAPACITIES,    Defendants.          LAWRENCE K. BAERMAN, CLERK
----------------------------------X                   ALBANY

I. COMPLAINT

Plaintiff Pro, Se for his complaint states as follows:

II. PARTIES, JURISDICTION AND VENUE

1. Plaintiff Mark W. Blond Jr, is confined at Five Points C.F. in Rt.96 PO Box 119 Romulus, NY 14541, the Plaintiff is, and was at all times relevant herein an adult citizen of the United States and a resident of the City of Schenectady State of New York.

2. Defendant Brian Stratton, was at all relevant times herein, Mayor of Schenectady a municipal of the State of New York.

3. Defendant Schenectady Police Department's herein (SPD), Chief Chaires, was at all relevant times herein, Chief of the SPD.

4. Defendant SPD Officer Daniel McDonald, was at all relevant times herein a police officer for the City of Schenectady.

5. Defendant SPD Officer Jeffrey St.Onge, was at all times relevant herein a police officer for the City of Schenectady.

6. Defendant SPD Det. Sherri Barnes was at all relevant times herein a Detective for the police City of Schenectady.

7. Defendant SPD Det. Authur Zampella, was at all relevant times herein a Detective for the police City of Schenectady.

8. This action arosed under 42 USC §1983 to remedy the deprivation under State Color of State Law, of rights guaranteed by the 1st, 4th, 5th, 6th, 8th, and 14th Amendments of the United States, and

under the State of New York Constitution Art I §§ 1,2,6,11,12. This Court has jurisdiction over this action pursuant to 28 USC §§1331 and 1343, this court also has exclusive jurisdiction cause this action arosed in the Northern District of New York. Therefore, venue is proper under 28 USC § 1391(b).

III. PREVIOUS LAWSUITS

10. Plaintiff has filed no other lawsuits dealing with the same factual basis herein.

IV STATEMENT OF CLAIM

11. At all times relevant herein, Defendant's were 'Persons' for purposes of 42 USC§ 1983 and acted under state 'color' to deprive Plaintiff of his State and Federal Constitutional rights, as set Fourth fully below.

V. STATEMENT OF FACTS

12. The following events did occur and violated the Plaintiffs substantial rights. The times relevant herein was 6-7:30 P.W., the place was at the Plaintiff's apartment, 1060 Helderberg Avenue Schenectady, NY 12306, the Plaintiff backyard and frontyard of the said residence.

A. On May 4, 2008 while at the said location Plaintiff walked out his backyard door and was approached by an officer who nearly broke Plaintiffs arms as he lefted him from the ground placing the hand cuffs tightly on Plaintiff's wrist.  Plaintiff was very scaried at this time by officer McDonald's aggressiveness towards him, even though Plaintiff never made any resistance or showed any reason for this aggressive behavior. Plaintiff was indeed, very fearful of this officer and at this point made an alleged incriminating statement " I left earings on the counter",and "Gemi tell them some thing", Plaintiff made requests to know what he was being arrested for with no reply from officer McDonald.

B. Plaintiff was never read or given his Miranda Warning nor did the officer even have cause to be in the Plaintiff's backyard as Plaintiff never seen an arrest warrant and officer McDonald, failed to give the Plaintiff any charges for this arrest.  Officer McDonald then aggressively push the Plaintiff towards the front of Plaintiff's apartment towards his patrol car. After placing Plaintiff in the car officer McDonald went back to the Plaintiff's backyard.

C. Appearing to Plaintiff that McDonald went to the backyard to question the third parties. Plaintiff called over to another officer (Jeffrey St.Onge), for St. Onge to come over to the patrol car cause he had something to ask of St.Onge. St.Onge opened the patrol car door, where the Plaintiff asked the officer to "Disable his car " that was parked in the backyard of his apartment. St.Onge slammed the patrol car door shut in the PLaintiff's face, when all the Plaintiff was concern was to protect what little property he had. Plaintiff made another attempt to have this property secured by St.Onge with the same opening and slamming the partrol car door in his face. This act made the Plaintiff very angry as his equal rights were being violated , inwhich within that anger the Plaintiff started hitting his right side of his head against the window.
\*\*\*\*\*\*\*\*FOR THIS I HAVE DRAWN A MAP OF THIS AREA WHERE EVENTS OCCURRED\*\*\*

D. After 4-5 times of Plaintiff hitting his head while St.Onge was standing not more then a mere 5 feet watching the patrol car window shattered outwards towards the curb and the grassy area by the curb (See Area A on the Map). Plaintiff's head was not bleeding. McDonald then reacted and ran from the backyard to the front were the patrol car was parked by the curb (See Area A Map), McDonald was the first to arrive at the patrol car even though St.Onge was within mere feet. McDonald had a vexed look on his face and attempted to rip the Plaintiff out of the patrol car window that was just shattered, until he took notice of people standing infront of their apartments. McDonald then decided to open the patrol car door, where Plaintiff could not get himself out of the car by himself anyway as he was handcuffed and the leg room in a patrol car is very limited for movement.

E. When officer McDonald pulled the Plaintiff out of the car he nearly tried to push him into the fire hydgent  (SEE Areas A-B). The Plaintiff missed the fire hydgent however, and was pulled down to the ground where the glass was broken, where both officers were on the Plaintiff's back and neck areas kneeing him, then thereafter planting said knees into those areas firmly. At this very time both officer's were on top of the Plaintiff, and Plaintiff was unable to cause neither of these officer's any harm at all as said Plaintiff was handcuffed and both officer's had their knees into his neck and back and both officer's out weighed the Plaintiff.

F. Plaintiff's face was being pressed into the ground where the glass was broken, Plaintiff was feeling the hostility of both officer's, then heard officer McDonald say " I'M GOING TO SPRAY HIM ". The Plaintiff did not find any reason for this and begged and pleaded not to be sprayed. Literally the Plaintiff was crying out for 3 or more times for McDonald not to spray him, with his pleads for mercy to go ignored, with McDonald to unload a can of pepper spray or the like into the Plaintiff's face, eyes, nose, and mouth. After this both officer's remove their knees from the Plaintiff's back and neck areas and left the Plaintiff on the ground sitting up in the burning sun while his face was on fire from the spray used. The Plaintiff must have sat their a mere 30 minutes while the police called for a "Patty Wagon" to come get the Plaintiff, with his face still burning.

G. The Plaintiff heard kids riding bikes past him as he was crying and snot was dripping from his nose, the Plaintiff was in a lot of pain from his neck to his back to his wrist, and now his face. Plaintiff was ~~was~~ then after about 30 minutes or so brought by the Patty Wagon to the Police Station, where they took picture's before giving any attention to the Plaintiff's face. The Picture's taken where of the Plaintiff's face as the other police officer's including the 2 arresting officer's (St.Onge and McDonald) were laughing at the Plaintiff as if it were some big joke to them.

H. At the police station after said picture's were taken of the Plaintiff, the police finally allowed the Plaintiff to wash his face and eyes out. The Plaintiff felt something sharp in his eyes and told the police that he believes their maybe glass from the ground that got in there, the officer's told him that they would call an ambulance. The police called an ambulance that took the Plaintiff to Ellis Hospital, 1100 Nott Street in Schenectady, New York.

I. At said Hospital the Plaintiff was treated and had been asked to submit a urine sample for a test, the Plaintiff did give urine, but feels the hospital did not do the test they asked for the urine in the first place for. The Plaintiff was then fully released back to the police custody from which he really never left, being that two police were by the bed side and the Plaintiff was handcuffed

3

to the bed.  Plaintiff belief of the urine not being used is that after given back to the nurse the nurse left it on the table and as the Plaintiff left the cup with urine was still on the table.

Plaintiff then arrived back to the police station and was placed in a holding cell with out his shirt, being that the shirt was wet from the fluid used to flush the Plaintiff's eyes out with. Plaintiff was feeling a little uneasy and dizzy and the holding cell was very cold making the Plaintiff shiver. After requested the police gave the Plaintiff a paper gown and had the Plaintiff on a suicidal watch.

J. Det. Barnes came in to the holding cell area and very loudly said "Are you going to tell me what you did to that little girl", infront of other inmates in the same area. The Plaintiff was shocked, and to make her shut up agreed to talk to Det. Barnes. The Plaintiff was scaried  that if he did not talk she would had kept up her flagrant misconduct. Det Sherri Barnes questioned the Plaintiff without his attorney and the Plaintiff did not understand really what was going on, all the Plaintiff knew was that he was really cold and atleast he was out of the cell that was making him that way.

K. Plaintiff was released the next day on the (2 Counts ) of Criminal Mischief charges with no mentioning of any other charges that Det. Barnes was questioning to.  After about a few weeks later the Plaintiff was later approached by Det. Zampella at Family Court, (Schenectady County). Det. Zampella told the Plaintiff he had an arrest warrant, which he never showed the Plaintiff. The Plaintiff went over to tell his attorney that Det. Zampella had said he had an arrest warrant, but Det. Zampella stopped the Plaintiff and said " You  need to stand right here for a few minutes". The Plaintiff listen as he was under the impression that he was being arrested and did not want to further any charges for resisting arrest.

M. The Plaintiff's intent was to tell his attorney to meet him at the station or in hopes the attorney could contact family to bail the Plaintiff out or something that the plaintiff would not know as a matter of law.  The Plaintiff was denied to make any contact with his attorney by Det. Zampella, and then learned

while being placed into Det. Zampella's unmarked police car, that there was something very suspicious going on. The Plaintiff then arrives at the station, but instead of being placed in the holding cell to go infront of a judge the Plaintiff was brought to the Youth Aid Bureau (YAB). The plaintiff knows this area cause Det. Barnes brought the plaintiff here before as the Schenectady Police Department use this area to conduct interrogations, this area consists of a few card key entry doors. Here in YAB the Plaintiff was interrogated again without an attorney after proceeding have formally been commenced.

N. An hour goes by the Plaintiff would tell Det. Zampella he did not want to talk, with the Detective to keep pressing on and trying to make the Plaintiff take the Plaintiff got annoyed, and then thereafter decided to try another attempt to get Det. Zampella to let him phone his attorney, because this time the Plaintiff was being filmed and Det. Zampella had no choice, but to let the Plaintiff call his attorney. After Plaintiff called James Martin, Esg the Plaintiff was asked one more time if he had anything to say the Plaintiff said no and Det. Zampella said " Your free to go ".

O. The time frame here was within May 04,2008 and May 23,2008 that this occurred and further when the Plaintiff tried to make a report about the Complaining Witness against him in criminal court calling him, as the Police were trying to perform a "sting" by recording the phone conversations between the Plaintiff and the Complaining Witness, the Police officer working the investigations unit would not take my complaint, and then Det. Barnes came out of the YAB and told the cop something because he told me it was a "sting". Thus, they deprived me of my rights of both the United State's and New York's Constitutional.

VI. PRAYER FOR RELIEF

13. Plaintiff prays upon this court for an order declaring that the Defendant's heretofore acted in violation of both Constitutions.

14. Plaintiff Prays upon this court for compensatory damages of 300,000 for the Constitutional violations and to remind the Defendant's to abide by the Constitutions of both New York State and the United States.

15. Plaintiff prays upon this court for an injunction compelling the Defendant's to stop acting in a manner that violate's the State of New York's citizen as well as citizens of the United States.

16. Plaintiff requests to add and/or amend and/or modify this Application should the need arise prior to the Courts assurance of its decision.

17. Plaintiff prays upon this court for any other and further relief as deemed necessary by this court that be just and proper.


**I DECLARE THE FOREGOING TO BE TRUE TO MY OWN KNOWLEDGE AND BELIEF AND AS TO MATTERS STATED ON KNOWLEDGE AND BELIEF, I BELIEVE THEM TO BE TRUE ALSO.**

SIGNED UPON THE 24TH DAY OF
JUNE, 2010

*/s/ Mark Blond*
MARK W. BLOND
DIN:09A4043

                                RESPECTFULLY SUBMITTED,
                                */s/ Mark Blond*
                                PLAINTIFF PRO SE,.
                                FIVE POINTS C.F.
                                RT. 96, PO BOX 119
                                ROMULUS, NEW YORK 14541

## AFFIRMATION OF SERVICE

### BY MAIL
### 28 U.S.C.A §1746

I, Mark W. Blond, affirm under penalty of perjury that I have served a copy of the attached Amended Complaint and Map upon **Carter, Conboy, Case, Blackmore, Maloney & Laird, P.C.** at 20 Corporate Woods Blvd, Albany, New York 12211-2362, that being the Defendant's attorney in this proceeding, and I did so by regular mail.

Dated: Romulus, NY

_July 9_ ,2010

_____
Mark W. Blond
Plaintiff Pro Se.,
6600 RT.96, Box 119
Romulus, New York 14541





**FIVE POINTS CORRECTIONAL FACILITY**
STATE ROUTE 96, P.O. BOX 119
ROMULUS, NEW YORK 14541
NAME: Mark Bond   DIN: 09A4043

LEGAL MAIL
RECEIVED

To: Federal Court
James T. Foley Bldg.
445 Broadway
Albany, New York 12207-2936