UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK W. BLOND, JR.,

          Plaintiff,

  -vs-

          10-CV-0598

THE CITY OF SCHENECTADY,
MAYOR BRIAN STRATTON,
SPD CHIEF CHAIRES,
SPD OFFICER DANIEL MCDONALD,
SPD OFFICER ST. ONGE (PHONETIC SPELLING),
SPD DET. SHERRI BARNES, INDIVIDUALLY,
AND IN THEIR OFFICIAL CAPACITIES,.

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

  Plaintiff commenced the instant action under 42 U.S.C. § 1983 against officials and employees of the City of Schenectady alleging his constitutional rights were violated while he was arrested and interrogated by the police. Defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(c). By Decision and Order dated October 26, 2010, the Court dismissed all of Plaintiff's claims, except those alleging the use of excessive force. Presently before the Court is Plaintiff's motion for reconsideration.

Plaintiff's moves for reconsideration claiming that he is not a lawyer and failed to include any arguments against the City of Schenectady and left the Court to speculate concerning any unconstitutional policies concerning the City.  Plaintiff also objects to the dismissal of his other claims.  Plaintiff contends that "[t]he fact that [he] . . . was arrested for Criminal Mischeief in the 4th (2 Counts) as reported by the Department of Criminal Justice Services, and then charged with other crimes on May 23, 2000, 20 days after the initial [sic] does not give raise [sic] to the decision in Heck v. Humphrey."  Plaintiff then asks "the [C]ourt to allow [him] a new pleading" and for discovery and an investigation.

Plaintiff fails to raise any grounds warranting reconsideration, relief under Rule 60(b), or that would otherwise cause the Court to believe that its prior decision was in error.  Plaintiff never alleged in his Complaint that he was arrested or prosecuted without probable cause.  The fact that Plaintiff is currently incarcerated on counts of Rape, Engaging in a Criminal Sexual Act, and Assault strongly suggests that he was convicted after his arrest.

To the extent Plaintiff asks for leave to file an amended complaint, his motion is again denied with leave to renew.  In the Court's prior decision (and in the Magistrate Judge's Order dated July 20), Plaintiff was expressly advised that a motion for leave to file an amended complaint must comply with this Court's local rules and, in particular N.D.N.Y.L.R. 7.1.  Plaintiff has not done so.

Defendants also request that the Court clarify the prior order concerning Defendant Barnes.  Barnes is alleged to have participated in the underlying conduct only insofar as she questioned Plaintiff once he was brought to the station.  This was after the alleged use of excessive force (the only remaining claim).  The Complaint does not allege any facts

plausibly suggesting the use of excessive force by Barnes. Accordingly, the Complaint is dismissed as to her.

For the foregoing reasons, Plaintiff's motion for reconsideration and to amend and/or correct his Complaint (Dkt. No. 23) is DENIED. The Court also clarifies that all claims against Defendant Barnes are dismissed in their entirety.

Dated: December 15, 2010

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge