UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
MARK W. BLOND, JR.,

                            Plaintiff,

   -vs-

                            10-CV-0598

THE CITY OF SCHENECTADY, et al.,

                            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

Plaintiff commenced the instant action under 42 U.S.C. § 1983 against officials and employees of the City of Schenectady alleging his constitutional rights were violated while he was arrested and interrogated by the police. Presently before the Court is Defendants McDonald and St. Onge's motion for summary judgment pursuant to Fed. R. Civ. P. 56 seeking dismissal of the Second Cause of Action.

**I.**      **BACKGROUND**

On May 4, 2008, Kasha Hudson, Plaintiff's wife, was at the residence of Renee Minus (her sister) at 55 Brandywine Avenue, Schenectady, NY. Plaintiff found Hudson at the Minus residence and rammed his car into Hudson's. An altercation ensued between Minus and Plaintiff. The Schenectady Police were called. Officers from the Schenectady Police Department, including Defendant McDonald, arrived to the Minus residence. Hudson reported that Plaintiff had rammed her car and that he assaulted her with a brick the previous day.

McDonald followed Hudson to her residence (and that of Plaintiff) at 1060 Helderberg Avenue.  Hudson identified Plaintiff to McDonald stating something to the effect of "there he is."  McDonald then arrested Plaintiff.  Plaintiff was charged with Attempted Assault in the Second Degree and Criminal Mischief in the Third Degree.  Plaintiff was convicted of both charges.

Plaintiff commenced the instant action claiming, among other things, that the arrest violated his rights as guaranteed by the Fourth Amendment.

## II.     STANDARD OF REVIEW

Defendants move for summary judgment pursuant to Rule 56.  It is well settled that on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the non-moving party, see Tenenbaum v. Williams, 193 F.3d 581, 593 (2d Cir. 1999), and may grant summary judgment only where "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  An issue is genuine if the relevant evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  A party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party believes demonstrate the absence of a genuine issue of material fact as to a dispositive issue. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the movant is able to establish a prima facie basis for summary judgment, the burden of production shifts to the party opposing summary judgment who must produce evidence establishing the existence of a factual dispute that a reasonable jury could resolve in his favor.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  A party opposing a properly supported

motion for summary judgment may not rest upon "mere allegations or denials" asserted in his pleadings, Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525-26 (2d Cir. 1994), or on conclusory allegations or unsubstantiated speculation. Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998).

With these standards in mind, the Court will address the pending motion.

### III.    DISCUSSION

Defendants move to dismiss the claim for false arrest and a violation of Plaintiff's Fourth Amendment rights on the ground that his ultimate conviction demonstrates that they acted with probable cause. It is undisputed that Plaintiff was convicted of the charges for which he was arrested.

The Court finds that Plaintiff's Fourth Amendment and false arrest claims must be dismissed. Defendants went to Plaintiff's residence with Hudson's implicit permission and consent. Accordingly, Defendants were lawfully on Plaintiff's property.[1] Based on Hudson's complaints, Defendants had reason to believe that Plaintiff had engaged in criminal activity. Moreover, upon arriving at her home, Hudson pointed Plaintiff out to Officer McDonald. This gave Defendants probable cause (or, at the very least, arguable probable cause) to arrest. Moreover, Plaintiff's convictions of the underlying offenses are a defense against the claims of false arrest. Cameron v. Fogarty, 806 F.2d 380, 388-89 (2d Cir. 1986).

---

[1] At the very least, it was objectively reasonable for McDonald to believe that he was lawfully on the premises and, therefore, he is entitled to qualified immunity. Moore v. Andreno, 505 F.3d 203, 215 (2d Cir. 2007).

**IV.     CONCLUSION**

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED (Dkt. No. 61). and the second cause of action of Plaintiff Amended Complaint is DISMISSED.  Plaintiff's motion for reconsideration (Dkt. No. 75) of the Court's May 10, 2011 Decision and Order denying his motion for the appointment of counsel is DENIED for failure to satisfy the standards of reconsideration and for the reasons stated in the Court's May 10, 2011 Decision and Order.

Dated: August 18, 2011

Thomas J. McAvoy
Senior, U.S. District Judge